FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2007 OCT -1 AM 9:43

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYAN S. CONWAY, | Case No.: 4:07-CV-3066 |
| Plaintiff, | |
| v. | |
| BURLINGTON NORTHERN SANTE FE RAILWAY COMPANY, | |
| Defendant. | |

## AMENDED

## ORDER SETTING FINAL SCHEDULE FOR PROGRESSION OF CASE

Following a conference with counsel concerning matters of importance in scheduling this case,

IT IS ORDERED: The provisions of the Court's earlier, initial progression order and order setting final schedule for progression of case remain in effect, and in addition to those provisions, the following amendments shall apply:

2. **Discovery Deadlines:**

   a. All depositions, whether or not they are intended to be used at trial, shall be completed by **January 18, 2008**.

   c. **Discovery Motions**. Discovery motions shall be filed not later than **January 18, 2008** as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions until the deposition deadline. Counsel are reminded of the provisions of NECivR 7.1(1).

3. Disclosure of Expert Witnesses. Each Plaintiff, counter-claimant, and cross-claimant shall, as soon as practicable but not later than **November 19, 2007**, serve all opposing parties with

1

the statement required by Fed.R.Civ.P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. Each Defendant, counter-defendant, and cross-defendant shall serve its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed.R.Civ.P. 26(a)(2) as soon thereafter as practicable, but not later than **December 17, 2007**. If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **January 4, 2008**, provided that the disclosing party then provides all of the information described in Fed.R.Civ.P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed.R.Civ.P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

4. **Pretrial Disclosures:**

   a. **Nonexpert Witnesses** – On or before **December 17, 2007**: The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

   c. **Trial Exhibits** – On or before **February 11, 2008** a list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

5. **Motions in Limine:**

   a. Motions in limine challenging the admissibility of expert testimony at trial under Federal R.Evid. 702, See *Kumho Tire Co., Ltd v. Carmichael*, 526 U.S. 137 (1999) and *Daubert v.*

2

*Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed by **January 18, 2008** and accompanied by a request for hearing if necessary. Failure to timely move for a hearing may constitute waiver of the request for a hearing.

6. **The Final Pretrial Conference** with the magistrate judge is set for **February 21, 2008 at 12:00 p.m.** in chambers, 566 Federal Building and United States Courthouse, Lincoln, Nebraska.

8. **Jury Trial** is set to commence, at the Court's call, during the week of **March 24, 2008** for five days, in Lincoln, Nebraska, before the Honorable Richard G. Kopf, United States District Judge. Unless otherwise ordered, jury selection shall be at the commencement of trial.

10. **Report on Mediation:** Not later than **November 19, 2007** counsel shall report by letter or telephone call to the office of the Magistrate Judge: (a) the name of the mediator or other neutral facilitator they have hired for their mediation in this case; (b) the date the mediation is scheduled; and (c) the parties' agreement on whether the progression of the case otherwise ordered herein should be stayed pending the outcome of the mediation. The court will then enter an appropriate mediation reference order. In the event any party objects to the entry of a mediation reference order, such party shall, also no later than **November 19, 2007**, notify the Magistrate Judge by letter of the objection and the grounds therefor. In the event a mediation reference order is entered notwithstanding the party's informal objection, a formal objection may be filed not later than seven days following the filing of the mediation reference order and shall comply with paragraph 3(f) of the Court's Mediation Plan. Failure to file the objection shall be deemed a waiver of the objection.

Dated: Oct. 1, 2007

BY THE COURT:

United States Magistrate Judge